**Electronically Filed
Intermediate Court of Appeals
29360
25-OCT-2012
09:05 AM**

NO. 29360

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellant,
v.
VALINDA LEILANI MORTON, Defendant-Appellee.


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
WAHIAWĀ DIVISION
(CASE NOS. 1DTA-08-04018 AND 1P208-00189)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Fujise and Leonard, JJ.)


Defendant-Appellee Valinda Leilani Morton (Morton) was charged with Operating a Vehicle Under the Influence of an Intoxicant (OVUII), as a first offense committed by a highly intoxicated driver, and with Promoting a Detrimental Drug in the Third Degree. A police officer stopped Morton's vehicle after two people reported that Morton had rear-ended their car while they were stopped at a traffic light, said that Morton smelled of alcohol, and pointed out Morton's vehicle as it drove by the scene of the accident. Morton moved to suppress evidence obtained as a result of the automobile stop on the ground that the police lacked reasonable suspicion for the stop. The District Court of the First Circuit (District Court)[1] granted Morton's motion to suppress evidence, and then it dismissed the

---

[1] The Honorable Peter T. Stone presided.

charges with prejudice based on the prosecution's inability to prove the charges without the evidence obtained after the stop of Morton's vehicle.

Plaintiff-Appellant State of Hawai'i (State) appeals from: (1) the August 7, 2008, Judgments dismissing the charges with prejudice, which were based on the District Court's granting of Morton's motion to suppress evidence; and (2) the "Findings of Fact, Conclusions of Law and Order Granting Defendant Morton's Motion to Suppress Evidence Filed on June 18, 2008" (Order Suppressing Evidence), which was filed by the District Court on September 19, 2008.

On appeal, the State contends that the District Court erred in concluding that the police lacked reasonable suspicion to stop Morton's vehicle and in granting Morton's motion to suppress evidence on that basis.[2/] As explained below, we conclude that the police had reasonable suspicion to stop Morton's vehicle and, therefore, that the District Court erred in granting Morton's motion to suppress evidence. We vacate the District Court's Order Suppressing Evidence and the Judgments dismissing the charges with prejudice, and we remand the case for further proceedings.

I.

Morton filed a motion to suppress evidence obtained as the result of the stop of her vehicle. Morton argued that the stop was illegal because the police lacked reasonable suspicion for the stop. The District Court decided the suppression motion based on stipulated facts, which revealed the following information:

At about 10:30 p.m., Officer Carreiro was dispatched to Ainamakua Drive and Meheula Parkway, where he met with Charles Keama (Keama) and Shannon Crisostomo (Crisostomo). Keama, who is deaf, communicated in sign language to Crisostomo, who related

_____

[2/] The State challenges numerous conclusions of law entered by the District Court in support of its ruling that the police lacked reasonable suspicion for the automobile stop.

2

the information to Officer Carreiro. Keama (through Crisostomo's translation) stated that he was stopped at a traffic light when he was hit from behind by a vehicle driven by Morton. The contact caused minor damage, a small dent to Keama's rear bumper. Morton stopped and provided Keama with all appropriate information, including her name, license, and insurance. Keama stated that Morton had a smell of alcohol on her breath.

Crisostomo provided her own statement to Officer Carreiro. According to Crisostomo, Morton was the driver of a Dodge pickup truck that struck the vehicle occupied by Crisostomo and Keama from behind. Crisostomo stated that Morton smelled of alcohol.

While Keama and Crisostomo were speaking to Officer Carreiro, Morton drove by the scene. Keama pointed out Morton's vehicle to Officer Carreiro. Officer Carreiro got into his car, activated his siren and blue light, and stopped Morton's vehicle.

II.

The District Court concluded that "[t]he statements of the two witnesses, Keama and Crisostomo, were reliable and Officer Carreiro was entitled to act upon those facts" in deciding whether to stop Morton's vehicle. The District Court nevertheless ruled that Officer Carreiro lacked reasonable suspicion to stop Morton's vehicle.

We conclude that the District Court erred in ruling that Officer Carreiro lacked reasonable suspicion to stop Morton's vehicle and in granting Morton's motion to suppress evidence. We review a trial court's ruling on a motion to suppress evidence *de novo* to determine whether the ruling was right or wrong. State v. Spillner, 116 Hawai'i 351, 357, 173 P.3d 498, 504 (2007).

In determining the validity of an automobile stop, the Hawai'i Supreme Court has applied the reasonable suspicion standard set forth in Terry v. Ohio, 392 U.S. 1 (1968). State v. Powell, 61 Haw. 316, 321, 603 P.2d 143, 147-48 (1979). Under this standard,

> [t]o justify an investigative stop . . . , "the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Terry v. Ohio, supra, 392 U.S. at 21, 88 S.Ct. (1968) at 1880. The ultimate test in these situations must be whether from these facts, measured by an objective standard, a man of reasonable caution would be warranted in believing that criminal activity was afoot and that the action taken was appropriate.

Id. at 321-22, 603 P.2d at 148. The determination of reasonable suspicion is based on the totality of the circumstances. State v. Prendergast, 103 Hawai'i 451, 454, 83 P.3d 714, 717 (2004).

Here, the information provided by Keama and Crisostomo, which the District Court acknowledged was reliable and could be relied upon by Officer Carreiro,[3] provided Officer Carreiro with specific and articulable facts establishing his reasonable suspicion to stop Morton's vehicle. Keama and Crisostomo both stated that Morton smelled of alcohol. Based on these statements, Officer Carreiro could reasonably infer that Morton had consumed alcohol. Keama and Crisostomo also stated that their vehicle had been rear-ended by the pickup truck Morton was driving as they were stopped at a traffic light. From this information, Officer Carreiro could reasonably infer that Morton's consumption of alcohol had impaired her ability to drive safely. The inability of a driver who smells of alcohol to exercise control over his or her vehicle provides strong and clear indicia of impairment due to the influence of alcohol.

We conclude that Officer Carreiro had reasonable suspicion to believe that Morton was operating her truck "[w]hile under the influence of alcohol in an amount sufficient to impair [her] normal mental faculties or ability to care for [herself] and guard against casualty[.]" Hawaii Revised Statutes (HRS) § 291E-61(a)(1) (2007). Officer Carreiro therefore had reasonable suspicion to stop Morton's vehicle to investigate

---

[3] See State v. Decano, 60 Haw. 205, 210-11, 588 P.2d 909, 913-14 (1978) (concluding that information given by a ordinary citizen who witnesses a crime is presumed reliable).

4

whether she was committing the offense of OVUII.  The District Court erred in granting Morton's motion to suppress evidence.

III.

We vacate the Order Suppressing Evidence and the District Court's Judgments dismissing the charges with prejudice. We remand the case for further proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawai'i, October 25, 2012.

On the briefs:

Delanie D. Prescott-Tate
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellant

Brian A. Costa
James A. DeLacy
(Costa & DeLacy, LLLC)
for Defendant-Appellee

Chief Judge

Associate Judge

Associate Judge